## Heltsley v. Hawkins.

(Decided March 5, 1920.)

### Appeal from Logan Circuit Court.

1. Appeal and Error—Finding of Chancellor.—Where upon questions of fact the plaintiff and defendant are the only witnesses testifying, and their testimony is so conflicting as to be wholly irreconcilable, the finding of the chancellor will not be disturbed.

2. Appeal and Error—Finding of Chancellor.—Where one witness affirmed and another denied an alteration of a check, the original

of which was before the chancellor, and which is not in the record, the chancellor's decision will not be overruled.

S. R. CREWDSON for appellant.

JAMES R. MALLORY for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This action was instituted by the appellee against her brother-in-law, the appellant, to recover judgment upon four notes aggregating $1,200.00, less credits of $278.91, and to enforce a lien upon certain stocks of the defendant pledged as collateral security.

By answer, set-off and counterclaim the defendant admitted the execution of the notes sued on and another note of $200.00 dated August 18, 1912, and pleaded full payment and satisfaction of all five notes. In addition he asserted a claim against plaintiff for board from August 1, 1912, to May 1, 1915, and for money loaned and merchandise furnished upon which, after crediting the notes sued on and other items, he claimed there was a balance due him of $149.00, for which he asked judgment.

Plaintiff, by amended petition, admitted the execution of the $200.00 note referred to in defendant's answer, but denied that it had been paid, and asked judgment for a small balance alleged to be due thereon, and in addition filed an itemized statement showing a balance of $88.65 due her, for which she asked judgment.

Defendant, by answer to the amended petition, denied some of the items of account asserted against him, and pleaded payment of all other items. Plaintiff filed reply traversing the allegations of the answer and amended answer, except she admitted an obligation to pay board but which she alleged she had fully satisfied.

There is no question of law involved. The plaintiff and the defendant were the only witnesses who testified, and their testimony is conflicting and wholly irreconcilable upon every issue of fact involved. The burden was upon the defendant to prove payment of the notes he admitted having executed and delivered to the plaintiff and we might well, upon this statement alone, affirm the decision of the chancellor in favor of the plaintiff insofar as the notes are concerned.

The same is in part true with reference to the accounts filed by each party. The statement of accounts

filed by plaintiff shows a balance of $88.65 due her, which is sustained by her proof, while the statement filed by defendant shows a balance of $149.00 due him, which is sustained by his proof in a measure only.

Defendant's whole theory of defense and claim of overpayment to the extent of $149.00, taking notes and accounts into consideration, depend primarily upon his claim of a settlement in full of all notes and accounts prior to August 1, 1912, by a check of $81.20, which he that day gave plaintiff. She admits the receipt of this check and that it paid in full a balance due upon a note of $208.00, which was not sued upon. She denies that it was made in full settlement or did settle four other notes than those sued on that she then held against the defendant, and upon which she gave the defendant credit for the $330.00 board and many of the checks he included in his counterclaim.

The defendant introduced this check for $81.20, dated August 1, 1912, in his evidence. As copied into the record it contains the statement "for bal. notes and interest." Plaintiff testifies that since the check was given to her the letter "s" has been added to "note" in different colored ink, and that the alteration is clearly noticeable upon the original check. The defendant denies the alteration. The chancellor saw the original check, which is not in the record, and we certainly could not overrule his decision of this crucial fact upon which largely depends defendant's plea of payment, especially when plaintiff still had in her possession the notes defendant claimed to have fully settled by the check.

With this claim of a full settlement of all matters prior to August, 1912, decided against him, defendant's claim for board subsequent to that date, as well as many items of his account against plaintiff, is extinguished, since she proved she gave defendant credit for her board and several of the checks included in his account against her upon the four notes aggregating $350.00 and interest, which defendant admits he executed, but claims to have been included in the settlement of August 1, 1912.

The other items of account asserted by the parties against each other are so numerous, complicated and overlapping, and the evidence of one party as positive as that of the other in support of his and a denial of the other's account, that we must depend upon the finding of the chancellor for an accounting, since he must be pre-

sumed to have known the parties and, therefore, the better able to correctly value their conflicting testimony. Wherefore the judgment is affirmed.